UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD TUCK COLBERT and KENYON & KENYON, LLP,**     **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-3043** |
| **FIRST NBC BANK,**     **Defendants** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Join a Necessary Party filed by defendant, First NBC Bank ("FNBC").[1] Plaintiff Brennan's Claims, LLC ("Brennan's Claims"), as assignee and successor-in-interest to original plaintiffs, opposes FNBC's motion.[2] FNBC filed a reply memorandum in support of its motion.[3]

## BACKGROUND

On June 29, 2012, FNBC entered into a security agreement with Brennan's Inc. wherein FNBC received a security interest in, among other collateral, "any claim for damages owed by British Petroleum."[4] On July 24, 2012 FNBC filed a UCC Financing Statement reflecting its security interest in "any claim for damages owed by British Petroleum."[5]

On October 26, 2012, Edward Tuck Colbert and Kenyon & Kenyon, LLP (collectively,

---

[1] R. Doc. 9.

[2] R. Doc. 10. Brennan's Claims substituted Edward Tuck Colbert and Kenyon & Kenyon, LLP as plaintiffs on June 18, 2013. *See* R. Doc. 8.

[3] R. Doc. 14.

[4] R. Doc. 1-7. Commercial Security Agreement.

[5] R. Doc. 1-2. UCC Financing Statement.

1

"Kenyon") entered an agreement with Brennan's Inc. the terms of which granted Kenyon "a consensual security interest in and to its claims arising from or related to the Deep Water Horizon explosion and resultant BP Oil Spill."[6] The collateral was further specifically described as those claims "filed with the Deepwater Horizon Claims Center and/or the Claims Administrator, Patrick Juneau, and bear claim numbers #100136034 and #3493107."[7] On October 29, 2012, Kenyon recorded a UCC Financing Statement indicating the "consensual security interest in and to those claims bearing #100135034 and #3493107 and/or in any way arising from or related to the Deep Water Horizon explosion and the BP Oil Spill and that were assigned by Brennan's Inc. to Kenyon & Kenyon, LLP."[8]

Kenyon brought suit against FNBC on May 16, 2013 seeking a judgment declaring that the "security agreement executed by Brennan's Inc. in favor of FNBC Bank is insufficient to assign, convey, cover, or include a security interest in Brennan's Inc.'s commercial tort claims against BP PLC and arising from the explosion of the Deep Water Horizon drilling rig and resultant oil spill."[9] Kenyon also prayed for a judgment "recognizing the validity and enforceability of their security interest in Brennan's Inc.'s commercial tort claims from that same event."[10] Brennan's Claims thereafter was substituted as plaintiff for Kenyon.[11]

---

[6] R. Doc. 1-1.

[7] R. Doc. 1-1.

[8] R. Doc. 1-8.

[9] R. Doc. 1, p. 11.

[10] R. Doc. 1, p. 11-12.

[11] R. Doc. 8.

FNBC filed a motion under Federal Rule of Civil Procedure 12(b)(7) to dismiss plaintiff's claims for failure to join Brennan's Inc. as a necessary and indispensable party under Rule 19. FNBC argues plaintiff's claims should be dismissed unless Brennan's Inc. is joined in the action.[12]

An involuntary Chapter 7 bankruptcy petition was filed against Brennan's Inc. in the United States Bankruptcy Court for the Eastern District of Louisiana on October 28, 2013, and an Order for Relief Under Chapter 7 was entered by the Bankruptcy Court on December 5, 2013.[13]

On March 27, 2014, the Court, without objection, granted the motion of Ronald J. Hof, the Chapter 7 Trustee for the Bankruptcy Estate of Brennan's Inc., seeking leave to file a Notice of Partial Stay in this action.[14] The Notice of Partial Stay includes the following:

> The automatic stay provisions of 11 U.S.C. § 362(a)(3)-(6) apply to Brennan's Claims' action to have this Court recognize the validity and enforceability of Brennan's Claims' security interest in Brennan's Inc.'s commercial tort claims against BP PLC arising from the explosion of the Deep Water Horizon drilling rig and resultant oil spill ("*the BP Claim*"), as the BP Claim is property of Brennan's Inc.'s bankruptcy estate and, in this matter, Brennan's Claims seeks a determination of the validity of a lien against property of the estate.
> The automatic stay provisions of 11 U.S.C. § 362, do not apply to the remaining claim asserted by Brennan's Claims, LLC, for a judgment against defendant FNBC declaring that the security agreement executed by Brennan's Inc. in favor of FNBC is insufficient to assign, convey, cover, or include a security interest in Brennan's Inc.'s commercial tort claims against BP PLC arising from the explosion of the Deep Water Horizon drilling rig and resultant oil spill.[15]

---

[12] R. Doc. 9.

[13] *See* R. Doc. 27 in 13-bk-12985.

[14] R. Doc. 25. 11 U.S.C. § 362(a) provides, in part: "[A] petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities of .. any act to create, perfect, or enforce any lien against property of the estate."

[15] R. Doc. 22-2.

Brennan's Claims has clarified in its Memorandum in Opposition to the Motion to Dismiss that the only issue remaining before this Court is whether the security agreement in favor of FNBC "sufficed as a matter of law to perfect a valid security interest in FNBC's favor solely with respect to the BP PLC Oil Spill Claims so as to enjoy priority over the competing security rights asserted against those claims by Brennan's Claims LLC."[16] The Court construes that portion of Brennan's Claims' Complaint not subject to the automatic stay provisions, and therefore still pending before this Court, as requesting declaratory relief only with respect to the priority of Brennan's Claims' security right over the security right of FNBC.

## LAW AND ANALYSIS

### A. Rule 19

Federal Rule of Civil Procedure 12(b)(7) allows dismissal for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Deciding whether or not to dismiss a case for failure to join an indispensable party is a two-step inquiry. First, Rule 19(a)(1) defines a required party:

> A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (I) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

If the court finds a party is necessary to the litigation under Rule 19(a)(1), the party must be joined if possible. However, if the party cannot be joined because to do so would

---

[16] R. Doc. 10, p. 4.

4

destroy the court's diversity jurisdiction or the party cannot be served, Rule 19(b) provides the framework for determining whether the action should proceed among the existing parties or should be dismissed. The factors to be considered include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by; (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Thus, the action should be dismissed under Rule 12(b)(7) only if an absent party is "required" but cannot be joined *and* the action could not fairly proceed without the absent party under Rule 19(b). A district court making a Rule 19 decision must consider the pragmatic, fact-based, and practical effects of joining or declining to join a party. *See Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986).

### B. Analysis

The Court must first determine whether Brennan's Inc. is a "required" party under Rule 19(a). The burden of proof is on FNBC to demonstrate why Brennan's Inc. must be joined. *See American Gen. Life and Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005).

FNBC asserts Brennan's Inc. has a "clear interest" in the outcome of the suit under Rule 19(a)(1)(B). However, to be a required party under Rule 19(a)(1)(B) because of an interest in the subject matter of the action, the party must *assert* its own interest. *See Grand Acadian, Inc. v. Flour Corp.* 2008 WL 408874 at *1 (W.D. La. Feb. 12, 2008)(citing *U.S. v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999)). The Trustee for the Bankruptcy Estate of Brennan's Inc. has not asserted an interest in the remaining claim before the Court. In

fact, in his Motion for Leave to file Notice of Partial Stay, the Trustee (representing the interests of Brennan's Inc.) explicitly sought to stay only the portion of Brennan's Claims' action asking this Court to recognize the validity and enforceability of Brennan's Claims' security interest in Brennan's Inc.'s BP Claim.[17] The Trustee did not seek to stay, intervene, or otherwise participate in the portion of the case determining the priority of the security interest in favor of FNBC.

FNBC also asserts that because Brennan's Inc. is a party to the security agreement it is a required party. *See e.g., In re Apple iPhone 3G & 3GS "MMS" Mktd. & Sales Practices Litig.*, 864 F. Supp. 2d 451 (E.D. La. 2012)("When interpretation of a contract is at issue, the parties to the contract are necessary parties").[18] FNBC's categorical statement that all parties to a contract are required parties is undermined by the "highly practical, fact-based decision" called for by Rule 19. *See Pulitzer*, 784 F.2d at 1309. The mere fact that Brennan's Inc. is a party to the security agreement does not automatically render it a required party. *See CP Solutions PTE, Ltd. v.* GE, 553 F.3d 156 (2d Cir. 2009)("[A] bright line rule that all parties to a contract are indispensable ... is inconsistent with Rule 19's flexible standard); *Mitchell v. Mitchell*, 2006 U.S. Dist. LEXIS 28415 at * 6 (S.D. Tex. Apr. 28, 2006)(finding that parties to a contract are not required parties merely because they are parties to the contract). As FNBC correctly points out, all parties to a contract may be required where cancellation, reformation, or other equitable relief is sought with respect to a contract. *See Tucker v. Nat'l Linen Serv. Corp.*, 200 F.2d 858, 863 (5th Cir. 1953). However, the claim now before the Court does not involve cancellation, reformation, or other equitable relief

---

[17]R. Doc. 22.

[18]R. Doc. 9, p. 5.

6

regarding a contract and is thus distinguishable from the authority cited by FNBC. The only claim before the Court is an inter-creditor dispute between FNBC and Brennan's Claims. In an action determining the priority of security interests between creditors, the debtor is not a required party under Rule 19. *See Orix Credit Alliance, Inc. v. First Florida Bank, N.A.* 147 B.R. 594 (M.D. Fla. 1992). The Court finds that the mere fact that Brennan's Inc. is a party to the security agreement does not render it a required party under Rule 19.

FNBC has not pointed to sufficient reasons why complete relief cannot be accorded among the existing parties, or why disposing of the action without the joinder of Brennan's Inc. would impair or impede Brennan's Inc.'s interests or leave any existing parties subject to multiple or inconsistent obligations. FNBC's bare contentions that Brennan's Inc. has a "clear interest" that will be "affected by a judgment" falls well short of the required showing under Rule 19(a). "[T]he mere theoretical possibility of prejudice does not require joinder." *Cortez v. County of Los Angeles,* 96 F.R.D. 427, 430 (C.D. Cal. 1983). Because Brennan's Inc. is not a required party under Rule 19(a), the Court need not determine whether it is feasible to join Brennan's Inc. in the action, nor must it examine whether Brennan's Inc. is an indispensable party under Rule 19(b).[19]

Accordingly, **IT IS ORDERED** that FNBC's Motion to Dismiss for Failure to Join a Necessary Party be and hereby is **DENIED**. **IT IS FURTHER ORDERED** that Brennan's Claims must file an amended complaint conforming to the representations made in its Memorandum in Opposition to the Motion to Dismiss regarding the claims now

---

[19]Brennan's Inc. is incorporated in Louisiana, thus making it a Louisiana citizen for purposes of diversity jurisdiction under 28 U.S.C. § 1332. Joinder of Brennan's Inc. would destroy jurisdiction if it were aligned as a plaintiff in the suit because defendant FNBC is also a citizen of Louisiana. *See Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010)(the Court may align the parties according to their "ultimate interests" in the outcome of the suit). However, the Court need not determine whether joinder of Brennan's Inc. would destroy diversity jurisdiction because joinder is not required under Rule 19(a).

pending before this Court by April 7, 2014.[20]  If Brennan's Claims fails to do so, FNBC is given leave to refile its Motion to Dismiss for Failure to Join a Necessary Party.

**New Orleans, Louisiana, this** __31st__ **day of March, 2014.**

                                           _____
                                             **SUSIE MORGAN**
                                **UNITED STATES DISTRICT JUDGE**

---

[20]R. Doc. 10. The issue as represented by Brennan's Claims is whether the FNBC security interest is entitled to priority over the Brennan's Claims security interest.